Manly, J,
 

 We think the Court had no power upon motion to set aside the
 
 fieri facias,
 
 as invoked to do, in the County Court, and, of course, the appellate Court has none. It was issued, it seems, on a justice’s judgment, Bennett v. Taylor and wife, which had been transferred from the county of Wake to the county of Granville, under the provisions of the Rev. Code, chap. 62, sec. 20. It was levied upon the interest of the defendants in a parcel of land, returned to the County Court, with notice of the fact to the defendants. The judgment of the justice was then affirmed, a
 
 venditioni,
 
 ordered — issued—executed and returned. The County Court was their moved to set aside the
 
 fi. fa.
 
 on the justice’s judgment. The motion was over-ruled and an appeal taken to the Superior Court — the motion there renewed and sustained and an appeal to this Court.
 

 We are not aware of any principle upon which such a mo
 
 *283
 
 tion can be sustained. The
 
 fieri facias
 
 complained of, is part of the case that belonged to the jurisdiction of the justice. It was not returned to the Court for review, as upon a writ of error, but placed there in consequence of the levy on land, and in obedience to a statute, which, in such case, required proceedings to subject land to the payment of debts, to be of record. The proceedings, therefore, up to the levy, are the complete and unreversed proceedings of a separate tribunal. They are placed in the Court, not for the purpose of being reviewed, but to put on record ulterior proceedings.
 

 The motion, therefore, in substance, is to amend, in one court, the process of another. This is obviously improper. If upon return of the levy to Court, the justices’ proceedings could be considered
 
 in fieri
 
 and unfinished, yet, before the motion was made, there was, again, a complete record — a judgment — writ of
 
 venditioni exponas
 
 — sale—and return ; and there was no power in the Court to amend the process, upon motion, and thus to affect interests that had sprung up under it. This was held in the case of the
 
 Cape Fear Panic
 
 v.
 
 Williamson,
 
 2 Ire. Rep. 147, and laid down as an established principle in
 
 Phillipse
 
 v.
 
 Higdon,
 
 Busb. Rep. 380.
 

 The case manifestly differs from one in which the amendment is to make the record conform to the truth, which a court has, at all times, power to do in respect to its own records. It also differs from the power exercised to quash a writ, that has been issued improperly, leaving a person whose interest is supposed to be affected, to look for redress to the party who wrongfully sued it out. The case of
 
 Ashe
 
 v.
 
 Streator
 
 decided at this term, (ante 256,) is a case falling under the former class, and that of
 
 Adams
 
 v.
 
 Smallwood,
 
 (ante 258,) under the latter.
 

 We have considered the case only as a motion to set aside or vacate
 
 thefi. fa.
 
 on the justice’s judgment, which was the motion made in the County Court, and from the decision of which, the appeal was taken. In the Superior Court, it seems other motions were made, viz., to set aside. 1. The judg
 
 *284
 
 ment then of record. 2. The order for a
 
 venditioni
 
 exponas, and 3. The
 
 venditioni exponas
 
 itself.
 

 Assuming that the motions were over-ruled, which, does not expressly appear, there was no appeal by Taylor aud wife, and the decision of them, therefore, has not been brought here for re-examination. They are no part of the case now in this Court. It may not be improper to say, however, that they are manifestly subject to the objections already noticed in respect to the other motion.
 

 It will be perceived also, that we have considered this case simply in relation to the power of amendment, and not as to the force and effect of the proceedings, and the sale in pursuance of them, or as to the effects of the payments, which are alleged to have been made in satisfaction of the judgment, before the
 
 venditioni exponas
 
 was executed. These are questions not properly before us upon this record, and we do not consider them.
 

 The judgment of the Superior Court should be reversed, and that of the County Court affirmed.
 

 Per Curiam,
 

 Judgment reversed.